UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEYBANK NATIONAL ASSOCIATION, a
national banking association

    Plaintiff,

    v.

G & M PRIDE, INC. d/b/a FAUBION
PLUMBING, HEATING and A/C, and
MARCUS D. HITE

    Defendants.

CAUSE NO. 3:19-CV-243 DRL-MGG

OPINION AND ORDER

KeyBank National Association filed this action to collect on two loans in default under theories of breach of contract and breach of guaranty. ECF 1. Defendants G & M Pride, Inc. and Marcus D. Hite have neither responded to the complaint nor appeared in the case. An entry of default has been made under Rule 55(a) (ECF 9), and KeyBank now brings a motion for default judgment under Rule 55(b)(2) (ECF 11).

BACKGROUND

This complaint arises from two notes signed by G & M and guaranteed by Mr. Hite. The first agreement, a U.S. Small Business Administration Note, executed on October 16, 2012, was for $284,000.00. ECF 11-1 at 10. The second agreement, a promissory note, executed on October 16, 2012, was for a $100,000.00. *Id.* at 17. Per their terms, both loans were to be considered in default upon any non-payment. *Id.* at 12, 18. The agreements also stated that G & M and Mr. Hite would be responsible for any expenses incurred in any effort to collect any amount due, including reasonable attorney fees and court costs. *Id.* at 12. While G & M made payments for several years, both agreements defaulted on or about December 1, 2018 due to nonpayment. *Id.* at 45-48. On January 9,

2019, KeyBank declared the entire unpaid balance, accrued interest, and other charges under the agreements and requested payment from the defendants. *Id.*

KeyBank, after properly filing for an entry of default under Rule 55(a), is now requesting an order granting default judgment against defendants, jointly and severally, for $235,994.88 in damages, plus interest in the amount of $15,084.27, $1,070.11 in fees, $800 in costs, and $1,208.00 as attorney fees, for a total of $252,149.26. ECF 11 at 2. In support of their request, KeyBank has submitted the affidavit of Jeanne Chojnacki, Assistant Vice President, Commercial Workout Relationship Manager to KeyBank, (ECF 11-1) detailing the amounts owed; and the affidavit of Dafney Stokes, counsel for KeyBank, detailing the attorney fees and costs (ECF 11-3).

## STANDARD

The court has discretion in granting a motion for default judgment. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A default judgment is justified when "the defaulting party has exhibited a willful refusal to litigate the case properly," as shown by "a party's continuing disregard for the litigation and for the procedures of the court" and a "willful choice not to exercise even a minimal level of diligence." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003). Generally, all well-pleaded factual allegations of the complaint will be taken as true and entitle plaintiff to relief. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Beyond the well-pleaded allegations, the court may also consider several factors when determining whether to grant a default judgment, including: (1) the amount of money requested; (2) delays resulting in prejudice to the plaintiff; (3) material issues of fact or substantial public importance; (4) and whether the default is strictly technical. *Cameron v. Myers*, 569 F.Supp.2d 762, 764 (N.D. Ind. 2008).

A determination of liability does not end the default judgment analysis. Once liability has been determined, the damages alleged by the plaintiff must still be proven. *See Wehrs*, 688 F.3d at 892. An evidentiary hearing is required to determine damages unless the plaintiff is seeking a reasonably certain

amount that can be ascertained through documentary evidence or detailed affidavits, as is the case here. *Domanus v. Lewicki*, 742 F.3d 290, 304 (7th Cir. 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983)).

DISCUSSION

In this case, a hearing is not necessary to determine that KeyBank is entitled to a default judgment. Taking all well-pleaded factual allegations in the complaint as true, KeyBank has established that the loans have gone into default and that G & M and Mr. Hite have been given an opportunity to respond to KeyBank's demand for payment before this litigation.

KeyBank has also met its evidentiary burden for damages. The affidavit of Jeanne Chojnacki lists the unpaid principal and accrued interest. ECF 11-1 at 7. KeyBank has also provided documentary evidence, such as the notes and notices of demand. *Id.* at 10-48. Similarly, the affidavit of Dafney Stokes provides itemized billing statements, the amounts charged for each task, and any court costs. ECF 11-3 at 35-45. The court is satisfied that this evidence is sufficient to show the amount requested is reasonably certain; therefore, an evidentiary hearing is not necessary. The collective evidence supports KeyBank's demand for $252,149.26. ECF 11 at 2.

The court GRANTS KeyBank's motion for default judgment against defendants G & M Pride, Inc. d/b/a Faubion Plumbing, Heating and A/C and Marcus D. Hite. ECF 11. Accordingly, the court DIRECTS the clerk to enter judgment in KeyBank's favor and against defendants, jointly and severally liable, in the amount of $252,149.26, with post-judgment interest to accrue by law.

SO ORDERED.

September 12, 2019            *s/ Damon R. Leichty*
                              Judge, United States District Court